# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY MABRY,<br><br>         Petitioner,<br><br>  v.<br><br>L. E. SCRIBNER, Warden,<br><br>         Respondent. | Civil No. 08cv0467-JM (AJB)<br><br>**ORDER:**<br><br>**(1) DENYING IN FORMA PAUPERIS APPLICATION AS MOOT; AND**<br><br>**(2) DISMISSING CASE WITHOUT PREJUDICE** |

  Petitioner, a state prisoner proceeding pro se, has paid the $5.00 filing fee and has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

  The request to proceed in forma pauperis is **DENIED** without prejudice as moot because Petitioner has paid the filing fee.

  The Petition is subject to dismissal because Petitioner has not alleged exhaustion of state court remedies. Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); <u>Granberry v. Greer</u>, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); <u>Granberry</u>, 481 U.S. at 133-34. Moreover, to properly exhaust state

1  court remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal
2  rights have been violated.  The Supreme Court in <u>Duncan v. Henry</u>, 513 U.S. 364 (1995)
3  reasoned: "If state courts are to be given the opportunity to correct alleged violations of
4  prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting
5  claims <u>under the United States Constitution</u>."  <u>Id.</u> at 365-66 (emphasis added).  For example,
6  "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him
7  [or her] the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say
8  so, not only in federal court, but in state court."  <u>Id.</u> at 366 (emphasis added).

9        Nowhere in the Petition does Petitioner allege that he raised his claims in the California
10 Supreme Court.  In fact, he specifically indicates he did not seek review in the California courts
11 because "there can be no useful purpose to enforcing the petitioner to retreat back to square one
12 & wend his way anew through a juisdictional maze."  (Pet. at 6.)  Petitioner must exhaust his
13 state court remedies with respect to his claims.  The burden of proving that a claim has been
14 exhausted lies with the petitioner.  <u>Cartwright v. Cupp</u>, 650 F.2d 1103, 1104 (9th Cir. 1981).

15       Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death
16 Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ
17 of habeas corpus by a person in custody pursuant to the judgment of a State court.  The
18 limitation period shall run from the latest of:

19      (A) the date on which the judgment became final by the
20  conclusion of direct review or the expiration of the time for seeking such review;

21      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the
22  United States is removed, if the applicant was prevented from filing by such State action;
23

24      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively
25  applicable to cases on collateral review; or

26      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise
27  of due diligence.

28 28 U.S.C.A. § 2244(d)(1)(A)-(D) (West 2006).

     The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); <u>see</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999), <u>cert. denied</u>, 529 U.S. 1104 (2000). <u>But see</u> <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001).

     Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

     Accordingly, the Court **DENIES** the request to proceed in forma pauperis as moot, and **DISMISSES** the case without prejudice. To have the case reopened, Petitioner must, no later than **May 19, 2008**, provide the Court with: (1) a copy of this Order together with the $5.00 filing fee; or (2) a copy of this Order together with adequate proof that Petitioner cannot pay the $5.00 filing fee.

     **IT IS SO ORDERED.**

DATED: March 20, 2008

                                              Hon. Jeffrey T. Miller
                                              United States District Judge

CC:       ALL PARTIES