TONY MABRY
_____
NAME
D-90450
_____
PRISON NUMBER

P.O. BOX 5004
_____
CURRENT ADDRESS OR PLACE OF CONFINEMENT

CALIPATRIA, CA. 92233
_____
CITY, STATE, ZIP CODE

**FILED**

APR 1 6 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

TONY MABRY
_____,
(FULL NAME OF PETITIONER)
                           **PETITIONER**

v.

L.E. Scribner (WARDEN)
_____,
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

                           **RESPONDENT**
          and

_____,
The Attorney General of the State of
California, Additional Respondent.

Civil No OBCV 0467 JM (AJB)
          (TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

## FIRST AMENDED
### PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

HILL V. ALASKA 297 F.3d 895, 897
(9TH Cir. 2002)

FIRST CHALLENGE TO CALCULATION OF
RELEASE DATE...(ILLEGAL COMMITMENT)

1. Name and location of the court that entered the judgment of conviction under attack: _____
   RIVERSIDE COUNTY SUPERIOR COURT
   _____

2. Date of judgment of conviction: 4-17-91
   _____

3. Trial court case number of the judgment of conviction being challenged: _____
   CASE No. CR37941
   _____

4. Length of sentence: 42 yrs. 8 months
   _____

CIV 68 (Rev. Jan. 2006)

cv

5. Sentence start date and projected release date: <u>Start: 6-11-1991</u>
   <u>projected release date 12-2-2018</u>

6. Offense(s) for which you were convicted or pleaded guilty (all counts): _____
   <u>(PRINCIPAL-TERM/Count-4 246 PC) (Subordinate term/Cnt. 1/187</u>
   <u>PC)  (Count 2/12021)  ( 667 )</u>

7. What was your plea? (CHECK ONE)
   (a) Not guilty        ☒
   (b) Guilty            ☐
   (c) Nolo contendere   ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
   (a) Jury        ☒
   (b) Judge only  ☐

9. Did you testify at the trial?
   ☒ Yes  ☐ No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    ☒ Yes  ☐ No

11. If you appealed in the **California Court of Appeal**, answer the following:
    (a) Result: <u>N/A HILL V. ALASKA</u>
    (b) Date of result (if known): _____
    (c) Case number and citation (if known): <u>E009598 4TH. Appell. Dist.</u>
    (d) Names of Judges participating in case (if known)_____

    (e) Grounds raised on direct appeal: _____
        <u>      N/A</u>

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
    (a) Result: _____
    (b) Date of result (if known): _____
    (c) Case number and citation (if known): <u>    N/A A-D</u>

    (d) Grounds raised: _____

CIV 68 (Rev. Jan. 2006)

cv

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

   (a)  Result: _____

   (b)  Date of result (if known): _____

   (c)  Case number and citation (if known): _____

   _____

   (d)  Grounds raised: _____

   _____

   _____

   _____

### COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
☐ Yes  ☐ No

15. If your answer to #14 was "Yes," give the following information:

   (a)  **California Superior Court** Case Number (if known): _N/A_

   (b)  Nature of proceeding: _First challenge to calculation of release date: HILL V. ALASKA (9TH. Cir. 2002)_

   (c)  Grounds raised: _____

   _____

   _____

   _____

   (d)  Did you receive an evidentiary hearing on your petition, application or motion?
     ☐ Yes  ☐ No

   (e)  Result: _____

   (f)  Date of result (if known): _____

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
☐ Yes  ☐ No

17. If your answer to #16 was "Yes," give the following information:

    (a) **California Court of Appeal** Case Number (if known):_____

    (b) Nature of proceeding: _____

    (c) Names of Judges participating in case (if known)_____

    _____

    (d) Grounds raised: _____ N/A _____

    _____

    _____

    (e) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes  ☐ No

    (f) Result: _____

    (g) Date of result (if known): _____

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
    ☐ Yes  ☐ No

19. If your answer to #18 was "Yes," give the following information:

    (a) **California Supreme Court** Case Number (if known):_____

    (b) Nature of proceeding: _____

    _____

    (c) Grounds raised: _____ N/A _____

    _____

    _____

    _____

    _____

    (d) Did you receive an evidentiary hearing on your petition, application or motion?

        ☐ Yes  ☐ No

    (e) Result: _____ N/A _____

    (f) Date of result (if known): _____

20. If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

Im challenging my "release date" under (Hill v. Alaska)....
( TERM COMPUTATION ) ( ILLEGAL COMMITMENT )

This petition is not a second or successive petition...

## COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
    ☑ Yes ☐ No    (IF "YES" SKIP TO #22)
    (a) If no, in what federal court was the prior action filed? First Challenge    SEE...
        (i) What was the prior case number? _____ Of Release Date....
        (ii) Was the prior action (CHECK ONE):
            ☐ Denied on the merits?
            ☐ Dismissed for procedural reasons?    N/A    A thru C
        (iii) Date of decision: _____
    (b) Were any of the issues in this current petition also raised in the prior federal petition?
        ☐ Yes ☐ No
    (c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
        ☐ Yes ☐ No

**CAUTION:**
- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

REMEDIES FOR:                    ( E X H A U S T I O N )


Due to the fact that on the face of the petition petitioner
raises a first challenge to his (First-Term-Computation) &
(Release-Date) under: HILL v. ALASKA:



The application for authorization to file a second or successive
28 U.S.C. 2254 habeas corpus petition in a district court is
denied as unnecessary due to the extent petitioner raises a
first challenge to the calculation of his release date, which
is not a second or successive petition under 28 U.S.C.
2244(b)(3)(A).
SEE: HILL V. ALASKA, 297 F.3d 895, 897 (9TH. Cir. 2002)
                          (FIRST)
All "FIVE-GROUNDS" Are For (Term-Computation) Under:
Hill v. Alaska; In Which Petitioner hopes this court views all
claims by way of:



Also petitioner is in the hopes that he is properly before this
"Southern District Of California" in which a sentence is being
executed, the district of confinement is the preferable forum.
See Dunn v. Henman. 875 F.2d 244, 249 (9TH. cir 1989) (Stating,
in 28 U.S.C. 2241 action, that the proper forum to challenge
the execution of a sentence is the distrisct where the prisoner
is confined.); Russo v. Newland, 2000 WL 194892. *1 (N.D.CAL.);
accord, In re Phelon, 2002 WL 31618536, *1 (N.D.CAL.); Thomas
v. Hepburn, 2001 WL 505916, *1 (N.D.CAL.); McKnight v. Forman
, 1997 WL 50267, *1 (N.D.CAL.).

Therefor, under Rule (9) of the rules governing 2254 petitioner
"PRAYS" that he is properly before this court.

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. (e.g. what happened during the state proceedings that you contend resulted in a violation of the constitution, law or treaties of the United States.) If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) **GROUND ONE**: Were petioners 5TH. Amendment Rights violated when CDCR-case analyst subjected him to successive (in error) (parole date) computations ?

**Supporting FACTS:** There were 5-amended (unverified) (AOJ) "Abstract Of Judgment" hearings all with term computations resulting in erroneous conflicting calculations. Subjecting petitioners release date to be computed by CDCR-case analyst in error for 17-years. Department Of Corrections/LPU-Legal Processing Unit used the same in error legal-documentation for over 8yrs. due to never attaing 5-different sets of (minute-orders & sentencing transcripts) to determine an accurate parole date for petitioner after each hearing. Rendering the amended (Abstracts) to be "unverified" & (ONLY) documents used to be conducive to petitioners (confinement). & not to the accuracy of his parole date. Severely violating petitioners U.S. Const. 5TH. Amendment Rights...(See appendix: A-1, 2, 3, 4, **5** app: B-1, 2, 3-for un-verified (AOJ'S) & documents providing scrutiny for un-verification-retired judge (Macomber) during amendment hearings-calen. day for 12-9-99/no hearings)...(See app.C 1-3...8+yrs. worth of LPU-notices of in error legal documents....     5-6-8-14TH. U.S.C.A.

**Did you raise GROUND ONE in the California Supreme Court?**

☐ Yes ☐ No.  N|A    FIRST CHALLENGE TO CALCULATION OF RELEASE DATE: HILL V. ALASKA (9TH. Cir. 2002)

If yes, answer the following: DEEMED UNNECESSARY FOR EXHAUSTION UNDER THIS CLAUSE:

(1)  Nature of proceeding (i.e., petition for review, habeas petition): N|A

(2)  Case number or citation: _____

(3)  Result (attach a copy of the court's opinion or order if available): _____

**(b) GROUND TWO**: Has petitioners U.S. Const. 6TH. Amendment Rights been violated when CDCR-case analyst "ACTED" as petitioners counsel unto his knowing or consent ??

**Supporting FACTS**: Petitioners (case num. CR37941) had been requested for a (jurisdictional change-12-2-99). CDCR case records analyst "AUTHORIZED" the change on their own authority waiving petitioners rights to (COUNSEL). Petitioner was (NOT) informed by case records analyst of the jurisdictions change being requested & granted, resulting in a unverified 12-9-99- **minute order**, displaying re-adjudication applied to petitioners term, altering his release date, at a time he should have been afforded a "right to counsel" to refute all matters pertaining to his term being re-computated.

U.S.C.A.  6TH Amendment

See appendix: A-1...For 12-9-99/minute order, after CDCR case Rec. had not notified petitioner of his rights to counsel....

See app: B-**3**...To see a copy of petitioners court record displaying the 12-2-1999 (change jurisdiction to Ri)....

5-6-8-14TH. U.S.C.A.

**Did you raise GROUND TWO in the California Supreme Court?**

☐ Yes ☐ No.   N/A   FIRST CHALLENGE TO RELEASE DATE:
HILL V. ALASKA (9TH.Cir. 2002)

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): —— N/A

(2) Case number or citation: ——

(3) Result (attach a copy of the court's opinion or order if available): ——

**(c)** **GROUND THREE**: Were petitioners U.S. Const. 8TH. Amendment Rights violated when CDCR-case-records-analyst discovered that they were computating petitioners release date in error ???

**Supporting FACTS**: Petitioners term should have been terminated by (10-13-1995) being that CDCR case analyst had not been able to (RECORD) a legitimate release date for petitioner during his first 5yrs. of detention. Instead "LPU" case analyst continued to accept (unverified-still in error) legal documentation. Causing petitioner to be subjected to **cruel & unusual punishment** multiple times over...

U.S. Constitutional 8TH. Amendment

See appendix: C-2...To view Dept. of Corr./LPU-**10-13-95** notice of (NOT) getting legal documents in time to record petitioners term....

See app. C-5:...To view 8-6-98 **Legal Status Summary** printout unveiling case records being aware of errors well after 10-13-95....
See app. B-2...For 12-13-95/AOJ, that LPU received after their 10-13-95/notice..12-13-95/AOJ still in error after notice....
See (ALL) of appendix C:...To view a (recorded) time line of how long petitioners release date been in error (KNOWINGLY) by The Dept. Of Corrections....(1992-to-1999)

5-6-8-14TH. U.S.C.A.

**Did you raise GROUND THREE in the California Supreme Court?**

☐ Yes ☐ No.   N|A   FIRST CHALLENGE TO CALCULATION OF RELEASE DATE:
If yes, answer the following:   HILL V. ALASKA (9TH.Cir. 200)

(1) Nature of proceeding (i.e., petition for review, habeas petition): N|A

(2) Case number or citation:

(3) Result (attach a copy of the court's opinion or order if available):

**(d)** **GROUND FOUR**: Was petitioner illegally committed into CDCR & term computed (in error) by way of non legally binding un-verified "Abstract Of Judgment documents ????

**Supporting FACTS**: 6-6-91/AOJ documents have no filing stamps on either form that were used to commit petitioner into CDCR 6-11-91. The form recording the indeterminate-sentence is (NOT) an actual 1213 CR 292 sentencing document...& (N. Martinez) name is double lined from ?...This same document is used again **(may 26, 1992)** with (S. Deharo) signature as the said ( witness and seal of said court) **(on June 6, 1991)**...How did "N. Martinez & S. Deharo" sign the same document (ON 6-6-91) a year apart from each other ???? CDCR-case analyst excepted both May 26, 1992/AOJ documents & re-computated petitioners term without a minute-order & sentencing transcripts to verify the validity of the "1992/AOJ'S"....
Petitioner denies responsibility for any "fingerprints" on all AOJ forms recording his term...

See appendix: D-1, 2, 3...For both unverified-NON-1213 forms & 6-6-91/DSL 290 form....

See app: **A-4**...For unverified 5-26-92/DSL 290 form, no seals & stamps that accompanied the "NON-1213" form with S. Deharo signature....

See prison case-file/CDC-112 to see term re-computated **(7-21-92)**.

5-6-8-14TH. U.S.C.A.

**Did you raise GROUND FOUR in the California Supreme Court?**

☐ Yes ☐ No.  N/A    FIRST CHALLENGE TO CALCULATION OF RELEASE DATE: HILL V. ALASKA (9TH. Cir. 2002)

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): N/A

(2) Case number or citation: _____

(3) Result (attach a copy of the court's opinion or order if available): _____

(E)    GROUND FIVE:   Were petitioners U.S. Const. 14TH. Amendment Rights
                       violated when ?????

**Supporting Facts:** CDCR case analyst computated petitioners term while
knowing the "trial courts mis-applied state statues" governing sentencing
enhancement is in error; as (CDC) cannot change the sentence recorded
on the (Abstract Of Judgment) even if the sentence violates the penal
code or is contradicted by the sentencing transcripts.
CDCR case analyst **kept** violating petitioners "due process rights" once
they (changed) a portion of petitioners term & re-calculated it in error
on their own authority.
See (all of) appendix "C": To view documents showing that CDCR case
analyst have placed (**The pricipal term-count 4/246 7yrs. & applied** it
**to the subordinate** count 1/25yrs...Causing the sentence to read <u>32</u>
<u>yrs</u>....& Notices <u>FROM CDCR</u> in regards to misapplied enhancement statue.

While knowing their computing petitoners term with in error/enhancement
& changed it on their own authority, petitioners term was re-computated
again by **CDCR case analyst** 4yrs. after they had already notified the
trial court/in 1995, of  not giving them petitioners (corrected)
sentencing documents in a timely manner to record his sentence; then
in (1999) CDCR case analyst received another set of documents to
re-calculate petitioners term, **without** all the pertinent sentencing
transcripts; **CDCR case analyst** must <u>view</u> all <u>(sentencing transcripts)</u>
<u>upon a</u> <u>prisoners commitment</u>/re-commitment; Instead CDCR case analyst
re-computated petitioners term again in (1999) still by way of their
own interpretation of the in error enhancement along with unverified
legal documents.

See app: A-1, 2, & CDC-case file/112...To view petitioners term
recomputated by the 12-9-99 unverified minute order & AOJ'S....


Petitioner also ask that this court acknowledges that all of his (AOJ)
Abstract Of judgement/sentencing documents being used by
L.E.Scribner/CDCR Case ananlyst to computate petitioners term/release
date/confinement, because they are now incharge of said court records,
have a bonifide question of authenticity ?????


All Grounds Are For: First Challenge To Calculation Of Release Date:
<u>HILL V. ALASKA</u> (9TH. Cir. 2002)




                                        U.S. 14TH. AMENDMENT


5-6-8-14TH. U.S.C.A.

23. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes  ☐ No
N/A

24. If your answer to #23 is "Yes," give the following information:

    (a) Name of Court: _____

    (b) Case Number: _____

    (c) Date action filed: _____

    (d) Nature of proceeding: _____
_____

    (e) Name(s) of judges (if known):_____

    (f) Grounds raised: _____

_____

_____

_____

_____

N/A

    (g) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes  ☐ No

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a) At preliminary hearing: _____

    (b) At arraignment and plea: _____

_____

    (c) At trial: _____

_____

    (d) At sentencing: _____

N/A

    (e) On appeal: _____

    (f) In any post-conviction proceeding: _____

_____

    (g) On appeal from any adverse ruling in a post-conviction proceeding: _____

_____

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☐ Yes ☐ No

N|A

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☐ Yes ☐ No

   (a) If so, give name and location of court that imposed sentence to be served in the future:

   _____

   (b) Give date and length of the future sentence: _____ N|A _____

   _____

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
   ☐ Yes ☐ No

N|A

28. Consent to Magistrate Judge Jurisdiction

   In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed in this district, the parties may waive their right to proceed before a district judge and consent to magistrate judge jurisdiction. Upon consent of all the parties under 28 U.S.C. § 636(c) to such jurisdiction, the magistrate judge will conduct all proceedings including the entry of final judgment. The parties are free to withhold consent without adverse substantive consequences.

   The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier resolution of this matter. If you request that a district judge be designated to decide dispositive matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear and issue a recommendation to the district judge as to all dispositive matters.

   You may consent to have a magistrate judge conduct any and all further proceedings in this case, including the entry of final judgment, by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.      **OR**      ☐ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

29. Date you are mailing (or handing to a correctional officer) this Petition to this court: _____

_4-13-08_

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____

SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_4-13-08_                    _Tony Mabry_

(DATE)                    SIGNATURE OF PETITIONER

( PRAYER FOR RELIEF )

1. Petitioner "PRAYS" that this Honorable-Court grant him relief from being illegally confined.

2. Petitioner request that it be (notarized) that he's been illegally committed into & confined by the "Department Of Corrections-CDCR".

3. Petitioner "PRAYS" that this Honorable Court "specify" all civil-rights violations that were committed against him.

4. Petitioner "PRAYS" that this court "specifies" that CDCR has been calculating his term in error with unverified documents.

Respectfully Submitted: _Tony Mabry_
_4-13-08_

CIV 68 (Rev. Jan. 2006)                    14                    CV

# *VERIFICATION*

# STATE OF CALIFORNIA
# COUNTY OF IMPERIAL

(C.C.P. SEC.446 & 201.5; 28 U.S.C. SEC. 1746)

I, __TONY MABRY_____ DECLARE UNDER PENALTY OF PERJURY
THAT: I AM THE __PETITIONER_____ IN THE ABOVE ENTITLED ACTION;
I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS
TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND
BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS __13 TH__ DAY OF: __APRIL_____ 2008 AT CALIPATRIA
STATE PRISON, CALIPATRIA, CALIFORNIA #92233-5002

(SIGNATURE) _Tony Mabry D-90950_
(DECLARANT/PRISONER)

# *PROOF OF SERVICE BY MAIL*

(C.C.P. SEC.1013 (a) & 2015.5; 28 U.S.C. SEC.1746)

I, __TONY MABRY_____ AM A RESIDENT OF CALIPATRIA STATE PRISON, IN THE COUNTY
OF IMPERIAL, STATE OF CALIFORNIA. I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM / NOT
A PARTY OF THE ABOVE-ENTITLED ACTION. MY STATE PRISON ADDRESS IS: P.O. BOX 5002,
CALIPATRIA, CALIFORNIA #92233-5002.

ON __4-13_____ 2008 I SERVED THE FOREGOING: __36-PAGE "Federal__
__Writ Of Habeas Corpus + this verification form & the copy of the__
__3-20-08/Document 6/3 pages + 1 page note from petitioner: 40 pages total:__
__ENCLOSED__
(SET FORTH EXACT TITLE OF DOCUMENTS SERVED)

ON THE PARTY (S) HEREIN BY PLACING A TRUE COPY (S) THEREOF, ENCLOSED IN A SEALED ENVELOPE (S),
WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED
AT CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA #92233-5002.

    CLERK, USDC, Southern Dist. of Calif.
    ROOM 4290
    UNITED STATES COURTHOUSE
    880 FRONT STREET
    SAN DIEGO, CA. 92101-8900

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS
REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: __4-13-08_____ .

_Tony Mabry_
(DECLARANT/PRISONER)

( A P P E N D I X )

A

**Appendix: A 1-thru-5**

**APPENDIX: A 1-5**

# ABSTRACT OF JUDGMENT – PRISON COMMITMENT
## INDETERMINATE SENTENCE

FORM CR 292

| [X] SUPERIOR [ ] MUNICIPAL [ ] JUSTICE } COURT OF CALIFORNIA, COUNTY OF __RIVERSIDE__ |
| COURT (I.D.) `3 3 1 0 0`   BRANCH OR JUDICIAL DISTRICT: __SUPERIOR__ |

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
DEC 1 5 1999

| PEOPLE OF THE STATE OF CALIFORNIA versus | [XX] PRESENT | CR37941 | – A |
| DEFENDANT: TONY MABRY | | | – B |
| AKA: | [ ] NOT PRESENT | | – C |
| COMMITMENT TO STATE PRISON  AMENDED | | | – D |
| ABSTRACT OF JUDGMENT  ABSTRACT [X]  5TH | | | – E |

| DATE OF HEARING (MO) (DAY) (YR) 031993 | DEPT. NO. 62 | JUDGE ROBERT D MACOMBER | CLERK A HATTON |
| REPORTER G BREWER | COUNSEL FOR PEOPLE J RUIZ | COUNSEL FOR DEFENDANT CDP-J AQUILINA | PROBATION NO. OR PROBATION OFFICER |

**1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES:**

[XX] ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT __1 DSL290__ (NUMBER OF PAGES)

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION MO | DAY | YEAR | CONVICTED BY JURY | COURT TRIAL | PLEA | CONCURRENT | CONSECUTIVE | 654 STAY |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC | 187* | 1ST MURDER | 90 | 04 | 17 | 91 | X | | | | X | |

**2. ENHANCEMENTS** charged and found true TIED TO SPECIFIC COUNTS (mainly in the § 12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC.: For each count list enhancements horizontally. Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add up time for enhancements on each line and enter line total in right-hand column.

| Count | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 12022.5 | 5 | | | | | | | | | 5 |

**3. ENHANCEMENTS** charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) and OTHER: List all enhancements based on prior convictions or prior prison terms charged and found true. If 2 or more under the same section, repeat it for each enhancement (e.g., if 2 non-violent prior prison terms under § 667.5(b), list § 667.5(b) 2 times). Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add time for these enhancements and enter total in right-hand column. Also enter here any other enhancement not provided for in space 2.

| Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 667 | 5 | | | | | | | | | 5 |
| Enhancement | | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Total |

**4. Defendant was sentenced to State Prison for an indeterminate term:**

A. [ ] For LIFE WITHOUT THE POSSIBILITY OF PAROLE on counts _____
B. [ ] For LIFE WITH POSSIBILITY OF PAROLE on counts _____
C. [ ] For 15 years to life, WITH POSSIBILITY OF PAROLE on counts _____
D. [X] For 25 years to life, WITH POSSIBILITY OF PAROLE on counts ____1____
E. [ ] For other term prescribed by law on counts _____ (Specify term on separate sheet if necessary.)

PLUS enhancement time shown above.

**5.** [ ] Indeterminate sentence shown on this abstract to be served [ ] consecutive to [ ] concurrent with any prior incompleted sentence(s).

**6.** Other Orders: (List all consecutive/concurrent sentence relationships, fines, etc. If not shown above)

RECEIVED
DP-LA COUNTY
RECORDS OFFICE
MAR 15 PM 3: 15

(Use an additional page if necessary.)

**7.** [X] The Court advised the defendant of all appeal rights in accordance with rule 470, California Rules of Court. (AFTER TRIAL ONLY)

**8. EXECUTION OF SENTENCE IMPOSED:**
A. [ ] AT INITIAL SENTENCING HEARING    B. [X] AT RESENTENCING PURSUANT TO DECISION ON APPEAL    C. [ ] AFTER REVOCATION OF PROBATION    D. [ ] AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC § 1170(d))    E. [ ] OTHER

| 9. DATE OF SENTENCE PRONOUNCED (MO) (DAY) (YR) 031993 | CREDIT FOR TIME SPENT IN CUSTODY 1356 | TOTAL DAYS | ACTUAL LOCAL TIME 904 | LOCAL CONDUCT CREDITS 452 | STATE INSTITUTIONS [ ] DMH | [ ] CDC |
| | | INCLUDING: | | | | |

**10. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:**

[X] FORTHWITH    INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:    [ ] CALIF. INSTITUTION FOR WOMEN—FRONTERA    [ ] CCWF—CHOWCHILLA    [X] CALIF. INSTITUTIONS FOR MEN—CHINO    [ ] DEUEL VOC. INST.

[ ] AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS    [ ] WASCO    [ ] SAN QUENTIN    [ ] R.J. DONAVAN    [ ] OTHER (SPECIFY)

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

DEPUTY'S SIGNATURE _____    DATE 121599    **A–1**

*CLERK OF THE COURT*

Form Approved by the Judicial Council of California Effective January 1, 1993

This form is prescribed under Penal Code § 1213.5 to satisfy the requirements of § 1213 for indeterminate sentences. Attachments may be used but must be referred to in this document.

**ABSTRACT OF JUDGMENT – PRISON COMMITMENT – INDETERMINATE**
CR 292

Pen. C. § 1213.5

# >>class notes

## 1963

**Gene Elliot Goldman:** "I am old, fat and still practicing. How the hell did this happen? I am still married to the beautiful Bobbie, and we have seven grandchildren. I know how the hell that happened!"

**G. Dana Hobart:** "Still a member of the Rancho Mirage City Council. Still a 13 handicap."

**Ralph Horowitz:** "There is no plethora of interesting facts that I can remember 15 minutes after they happen."

**Jim Rogers** (LLM) is the new chancellor of the University and Community College System of Nevada, voted unanimously by the state board of regents in May.

**Donald Frederick Zimmer**, of Riverside, Calif., is semi-retired and is of counsel with the Riverside firm of Best, Best & Krieger, LLP. Don and wife, Cathy, spend much of their spare time visiting their three children and four grandchildren throughout California. "We send our best wishes to former classmates!" he writes.

**William Perry Bennett:** "I am 'semi-retired': no office expenses, no salaries, no fringe employee benefits, etc. However, I am still counseling churches and other nonprofit religious/charitable organizations. See Web site at: www.thechurchcounsel.com."

**Robert D. Macomber:** "I retired in 1994 from 20 years' service on the bench at the Riverside Superior Court but have worked on assignment in various courts about six months each year since. The rest of my time is spent completing honey-do lists and enjoying our grandchildren."

**Kenneth A. "Kenny" Rosskopf** practices personal injury law in Decatur, Ga., his home for the past 20 years. He is married and has four children, two grandchildren and one great grandchild. His law practice concentrates on representing injured bicyclists. He is part of a national network of bicycle lawyers. Still bicycle racing at age 65, he finished second in the 2004 U.S. National Masters Championship Road Race in Park City, Utah. In 2001, Kenny founded a nonprofit bicycle recycling/transportation program, Decatur Yellow Bikes, Inc. www.dybikes.org, which

**Wendell Mortimer Jr.** continues to serve as a judge of the Los Angeles Superior Court. He is assigned to the Complex Litigation Program.

**John David Stoller:** "CPA at 20, attorney at 25 and pilot at 64. I have a son going to USC now and another to attend in three years. Any other pilots in our class?"

**Lawrence R. Young:** "Still feeding the homeless and the needy at the Adams Harbor Food Kitchen since I helped found it in 1991 — even more than practicing law. Currently seven murder cases and three attempt-murder cases are keeping me busy in my large law firm. Occasionally I go sailing. I take trips to exotic places like Cambodia; they add to life."

## 1966

**Phillip Feldman** has been an attorney for 38 years and is an author and lecturer on professional liability and professional responsibility. He is board certified by the state of California, the American Bar Association, and the American Board of Professional Liability Attorneys in legal and medical malpractice. He serves as an expert witness throughout the

A–2

 

# Criminal Calendar

**Home**

| Calendar Date | | | | | | |
|---|---|---|---|---|---|---|
| < | December 1999 | | | | | > |
| S | M | T | W | T | F | S |
|  |  |  | 1 | 2 | 3 | 4 |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | 20 | 21 | 22 | 23 | 24 | 25 |
| 26 | 27 | 28 | 29 | 30 | 31 |  |

☐ Use Calendar Control Records

Calendar Control Group: 

Department: 51

Only Show Hearings That Have Not Been Dispositioned

Show All Hearings

Close Sort Options

Choose Up to Three Sort Criteria

(1) Defendant Name    Ascending

(2) Time    Ascending

(3) Time    Ascending 

Display Calendar

Open Results in the  Actions          Page

| Time | Case Number | Defendant Name | Description | Charges |
|---|---|---|---|---|

## No Matches

There are no cases scheduled for 12/09/1999 in department 51.

A–3

# ABSTRACT OF JUDGMENT – PRISON COMMITMENT

FORM DSL 290

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** RIVERSIDE
**BRANCH** RIVERSIDE

COURT I.D. 3,3,1,0,0

**PEOPLE OF THE STATE OF CALIFORNIA** versus   XX PRESENT   **CASE NUMBER (S)** CR 37941  -A
**DEFENDANT:** TONY MABRY                                                              -B
**AKA:**                              ☐ NOT PRESENT                                    -C

**COMMITMENT TO STATE PRISON**      **AMENDED**                                        -D
**ABSTRACT OF JUDGMENT**            **ABSTRACT** XX                                    -E

**DATE OF HEARING** (MO)(DAY)(YR) 05 24 91   **DEPT. NO** 07   **JUDGE** ROBERT D. MACOMBER   **CLERK** R. ABILEZ

**REPORTER** G. BREWER   **COUNSEL FOR PEOPLE** JOHN RUIZ   **COUNSEL FOR DEFENDANT** JOHN AQUILINA   **PROBATION NO. OR PROBATION OFFICER**

**1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES (OR ALTERNATE FELONY/MISDEMEANORS):**
☒ ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT 2 (NUMBER OF PAGES)

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | MO | DAY | YEAR | CONVICTED BY | PRINCIPAL OR CONSECUTIVE TIME IMPOSED YEARS | MONTHS |
|---|---|---|---|---|---|---|---|---|---|---|
| 02 | PC | 12021 | FELON W/GUN | 90 | 04 | 17 | 91 | X | 0 | 8 |
| 04 | PC | 246 | SHOOT AT VEHICLE | 90 | 04 | 17 | 91 | X  U  PRINCIPAL | 7 | 0 |

**2. ENHANCEMENTS charged and found true TIED TO SPECIFIC COUNTS**

| Count | Enhancement | Yrs or "S" | | | | Total |
|---|---|---|---|---|---|---|
| 01 | 12022.5PC | S | | | | |
| 04 | 12022.5(a) | S | | | | 0 |

**3. ENHANCEMENTS charged and found true FOR PRIOR CONVICTION OR PRIOR PRISON TERMS**

| Enhancement | Yrs or "S" | | | | Total |
|---|---|---|---|---|---|
| 667 PC | S | | | | 5   0 |

**4. INCOMPLETED SENTENCE(S) CONSECUTIVE:**

| COUNTY | CASE NUMBER | CREDIT FOR TIME SERVED |
|---|---|---|

**5. OTHER ORDERS** Both Enhancements ordered stayed not stricken.

**6. TOTAL TIME IMPOSED ON ALL ATTACHMENT PAGES (FORM DSL 290-A):**
**7. TIME STAYED TO COMPLY WITH 5-YEAR OR 10-YEAR LIMIT ON SUBORDINATE TERMS, DOUBLE-BASED-TERM LIMIT, ETC.**
**8. TOTAL TERM IMPOSED:** 12 8
**9. EXECUTION OF SENTENCE IMPOSED:**
A. ☒ AT INITIAL SENTENCING HEARING  B.☐ AT RESENTENCING PURSUANT TO DECISION ON APPEAL  C.☐ AFTER REVOCATION OF PROBATION  D.☐ AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC § 1170(d)  E.☐ OTHER

**10. DATE OF SENTENCE PRONOUNCED** (MO)(DAY)(YR) 05 24 91   **CREDIT FOR TIME SPENT IN CUSTODY** 360   **TOTAL DAYS INCLUDING:** **ACTUAL LOCAL TIME** 240   **LOCAL CONDUCT CREDITS** 120   **STATE INSTITUTIONS** ☐ DMH   ☐ CDC

**11. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:**
☒ FORTHWITH   ☐ AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS   ☐ CALIF. INSTITUTION FOR WOMEN – FRONTERA   ☐ CALIF. MEDICAL FACILITY – VACAVILLE   ☒ CALIF. INSTITUTION FOR MEN – CHINO   ☐ DEUEL VOC. INST.   ☐ SAN QUENTIN   ☐ OTHER (SPECIFY):

**CLERK OF THE COURT**
I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

**DEPUTY'S SIGNATURE** [signature]   **DATE** May 26, 1992

This form is prescribed under Penal Code § 1213.5 to satisfy the requirements of § 1213 for determinate sentences.

**ABSTRACT OF JUDGMENT – PRISON COMMITMENT**
**FORM DSL 290**   Pen.C. 1213.5

DISTRIBUTION:   PINK COPY – COURT FILE   YELLOW COPY – DEPARTMENT OF CORRECTIONS   WHITE COPY – ADMINISTRATIVE OFFICE OF THE COURTS

A–4

# ABSTRACT OF JUDGMENT - PRISON COMMITMENT
## INDETERMINATE SENTENCE

FORM CR 292

[X] SUPERIOR
[ ] MUNICIPAL
[ ] JUSTICE } COURT OF CALIFORNIA, COUNTY OF __RIVERSIDE__

COURT (I.D.) 3 1 4 0 0

BRANCH OR JUDICIAL DISTRICT: __RIVERSIDE__

| PEOPLE OF THE STATE OF CALIFORNIA versus | | |
|---|---|---|
| DEFENDANT: TONY MABRY | [X] PRESENT | CR37941 — A |
| AKA: | [ ] — B | |
| | [ ] NOT PRESENT | — C |
| COMMITMENT TO STATE PRISON | AMENDED | — D |
| ABSTRACT OF JUDGMENT | ABSTRACT [X] | — E |

| DATE OF HEARING (MO) (DAY) (YR) | DEPT. NO | JUDGE | CLERK |
|---|---|---|---|
| 03/19/93 | 62 | ROBERT D. MACOMBER | A. HATTON |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| G. BREWER | J. RUIZ | CDP-J. AGUILINA | |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES:

[ ] ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT ___ (NUMBER OF PAGES) ___

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION MO | DAY | YEAR | CONVICTED BY JURY TRIAL | COURT TRIAL | PLEA | CONCURRENT | CONSECUTIVE | 654 STAY |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC | 187* | 1ST MURDER | 90 | 04 | 17 | 91 | | | | | | |

2. ENHANCEMENTS charged and found true TIED TO SPECIFIC COUNTS (mainly in the § 12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC.: For each count list enhancements horizontally. Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add up time for enhancements on each line and enter line total in right-hand column.

| Count | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 12022.5 | 5 | | | | | | | | | |
| 4 | 12022.5(A) | TO RUN CONSECUTIVE | | | | | | | | 5 | |

3. ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) and OTHER: List all enhancements based on prior convictions or prior prison terms charged and found true. If 2 or more under the same section, repeat it for each enhancement (e.g. if 2 non-violent prior prison terms under § 667.5(b), list § 667.5(b) 2 times). Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add time for these enhancements and enter total in right-hand column. Also enter here any other enhancement not provided for in space 2.

| Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 667 | 5 | | | | | | | | 5 | |
| Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Total |

4. Defendant was sentenced to State Prison for an indeterminate term:

A. [ ] For LIFE WITHOUT THE POSSIBILITY OF PAROLE on counts ___
B. [ ] For LIFE WITH POSSIBILITY OF PAROLE on counts ___
C. [ ] For 15 years to life, WITH POSSIBILITY OF PAROLE on counts ___
D. [X] For 25 years to life, WITH POSSIBILITY OF PAROLE on counts ___1___
E. [ ] For other term prescribed by law on counts ___
(Specify term on separate sheet if necessary.)

PLUS enhancement time shown above.

5. [ ] Indeterminate sentence shown on this abstract to be served / [ ] consecutive to [ ] concurrent with any prior incompleted sentence(s).

6. Other Orders: (List all consecutive/concurrent sentence relationships, fines, etc. if not shown above)

DEFENDANT SENTENCED TO STATE PRISON FOR TOTAL
INDETERMINATE SENTENCE OF 42 YEARS TO LIFE.

THE PRIOR SENTENCE PREVIOUSLY IMPOSED ON COUNTS 1,2, &44 is VACATED.
THE PRIOR SENTENCE PREVIOUSLY IMPOSED ON PRIOR 1 IS VACATED.

(Use an additional page to RESENTENCES DEFENDANT, MATTER HAVING BEEN RETURNED ON A REMITTITUR
FROM COURT OF APPEALS.

7. [ ] The Court advised the defendant of all appeal rights in accordance with rule 470, California Rules of Court. (AFTER TRIAL ONLY)

8. EXECUTION OF SENTENCE IMPOSED:

A. [X] AT INITIAL SENTENCING HEARING
B. [ ] AT RESENTENCING PURSUANT TO DECISION ON APPEAL
C. [ ] AFTER REVOCATION OF PROBATION
D. [ ] AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC § 1170(d))
B. [ ] OTHER ___

9. DATE OF SENTENCE PRONOUNCED (MO) (DAY) (YR) 03/19/93

| CREDIT FOR TIME SPENT IN CUSTODY 1,356 | TOTAL DAYS INCLUDING: | ACTUAL LOCAL TIME 904 | LOCAL CONDUCT CREDITS 452 | STATE INSTITUTIONS [ ] DMH | [ ] CDC |
|---|---|---|---|---|---|

10. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:

[ ] FORTHWITH
[ ] AFTER __ HOURS, EXCLUDING SATURDAYS, SUNDAYS, HOLIDAYS

INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:

[ ] CALIF. INSTITUTION FOR WOMEN—FRONTERA
[ ] WASCO
[ ] OTHER (SPECIFY)

[ ] CCWF—CHOWCHILLA
[ ] SAN QUENTIN

[X] CALIF. INSTITUTIONS FOR MEN—CHINO
[ ] R.J. DONAVAN

[ ] DEUEL VOC. INST.

## CLERK OF THE COURT

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE | DATE |
|---|---|
| | MAY 14, 1993 |

This form is prescribed under Penal Code § 1213.5 to satisfy the requirements of § 1213 for indeterminate sentences. Attachments may be used but must be referred to in this document.

Form Adopted by the
Judicial Council of California
Effective January 1, 1984

### ABSTRACT OF JUDGMENT - PRISON COMMITMENT - INDETERMINATE
CR 292

Pen. C. § 1213.5

DISTRIBUTION    PINK COPY—COURT FILE    YELLOW COPY—DEPARTMENT OF CORRECTIONS    WHITE COPY—ADMINISTRATIVE OFFICE OF THE COURTS

A—5

( A P P E N D I X )

B

Appendix: B 1-thru-3

## ABSTRACT OF JUDGMENT – PRISON COMMITMENT
### INDETERMINATE SENTENCE

FORM CR 292

☐ SUPERIOR
☐ MUNICIPAL
☐ JUSTICE

COURT OF CALIFORNIA, COUNTY OF ____ RIVERSIDE

COURT (I.D.)  3,3,3,1,0,0

BRANCH OR JUDICIAL DISTRICT: ____ RIVERSIDE

PEOPLE OF THE STATE OF CALIFORNIA versus

DEFENDANT: TONY MABRY
AKA:

☒ PRESENT — A
☐ NOT PRESENT — B

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT

AMENDED — C
ABSTRACT ☒☒ — D

DATE OF HEARING (MO) (DAY) (YR) 3-19-93    DEPT. NO. 62    JUDGE ROBERT D. MACOMBER    CLERK A. HATTON

REPORTER G. BREWER    COUNSEL FOR PEOPLE J. RUIZ    COUNSEL FOR DEFENDANT CDP-J. AQUILINA    PROBATION NO. OR PROBATION OFFICER

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES:

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | MO | DAY | YEAR | CONVICTED BY |
|---|---|---|---|---|---|---|---|---|
| 1. | PC | 187* | 1st MURDER | 90 | 04 | 17 | 91 | X |

2. ENHANCEMENTS

| Count | Enhancement | Yrs. or "S" | ... | Total |
|---|---|---|---|---|
| 1 | 12022.5 | 5 | | 5 |

3. ENHANCEMENTS (PRIOR)

| Enhancement | Yrs. or "S" | Total |
|---|---|---|
| 667 | 5 | 5 |

6. DEFENDANT SENTENCED TO STATE PRISON FOR TOTAL INDETERMINATE SENTENCE OF/ 37 YEARS TO LIFE

COURT RESENTENCES DEFT, MATTER HAVING BEEN RETUNED ON A REMITTITUR FROM COURT OF APPEALS.

9. DATE OF SENTENCE PRONOUNCED (MO)(DAY)(YR) 3-19-93  CREDIT FOR TIME SPENT IN CUSTODY 1,356  TOTAL DAYS INCLUDING: ACTUAL LOCAL TIME 904  LOCAL CONDUCT CREDITS 452

CLERK OF THE COURT

DATE July 13, 1994

ABSTRACT OF JUDGMENT – PRISON COMMITMENT – INDETERMINATE
CR 292

B–1

# ABSTRACT OF JUDGMENT – PRISON COMMITMENT
## INDETERMINATE SENTENCE

FORM CR 292

☒ SUPERIOR
☐ MUNICIPAL
☐ JUSTICE

COURT OF CALIFORNIA, COUNTY OF __RIVERSIDE__

COURT (I.D.) 3 3 1 0 0

BRANCH OR JUDICIAL DISTRICT: __SUPERIOR__

PEOPLE OF THE STATE OF CALIFORNIA versus
DEFENDANT: **TONY MABRY**
AKA:

☒ PRESENT    CR37941   – A
☐ NOT PRESENT   – B
– C

COMMITMENT TO STATE PRISON    AMENDED   – D
ABSTRACT OF JUDGMENT   ABSTRACT ☒   – E

| DATE OF HEARING (MO)(DAY)(YR) | DEPT. NO. | JUDGE | CLERK |
|---|---|---|---|
| 03 19 93 | 62 | ROBERT D. MACOMBER | A. HATTON |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| G. BREWER | J. RUIZ | CDP J. AQUILINA | |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES:

☒ ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT ___1___ (NUMBER OF PAGES)

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | MO | DAY | YEAR | CONVICTED BY | CONCURRENT | CONSECUTIVE | 654 STAY |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC | 187* | 1st MURDER | 90 | 04 | 17 | 91 | x | | | |

2. ENHANCEMENTS charged and found true TIED TO SPECIFIC COUNTS...

| Count | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 12022.5 | 5 | | | | | | | | | 5 0 |

3. ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS...

| Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 667 | 5 | | | | | | | | | 5 0 |

4. Defendant was sentenced to State Prison for an indeterminate term:
A. ☐ For LIFE WITHOUT THE POSSIBILITY OF PAROLE on counts ___
B. ☐ For LIFE WITH POSSIBILITY OF PAROLE on counts ___
C. ☒ For 15 years to life, WITH POSSIBILITY OF PAROLE on counts __1__
D. ☐ For 25 years to life, WITH POSSIBILITY OF PAROLE on counts ___
E. ☐ For other term prescribed by law on counts ___ (Specify term on separate sheet if necessary.)
PLUS enhancement time shown above.

5. ☐ Indeterminate sentence shown on this abstract to be served ☐ consecutive to ☐ concurrent with any prior incompleted sentence(s).

6. Other Orders: (List all consecutive/concurrent sentence relationships, fines, etc. if not shown above)

7. ☒ The Court advised the defendant of all appeal rights in accordance with rule 470, California Rules of Court. (AFTER TRIAL ONLY)

8. EXECUTION OF SENTENCE IMPOSED:
A. ☐ AT INITIAL SENTENCING HEARING   B. ☒ AT RESENTENCING PURSUANT TO DECISION ON APPEAL   C. ☐ AFTER REVOCATION OF PROBATION   D. ☐ AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC § 1170(d))   8. ☐ OTHER ___

9. DATE OF SENTENCE PRONOUNCED (MO)(DAY)(YR) 03 19 93 | CREDIT FOR TIME SPENT IN CUSTODY 1,356 | TOTAL DAYS | ACTUAL LOCAL TIME 904 | LOCAL CONDUCT CREDITS 452 | INCLUDING: | ☐ CDC

10. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:
☒ FORTHWITH
☐ AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS
INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:
☐ CALIF. INSTITUTION FOR WOMEN—FRONTERA
☐ WASCO
☐ OTHER (SPECIFY)
☐ CCWF—CHOWCHILLA
☐ SAN QUENTIN
☒ CALIF. INSTITUTIONS FOR MEN—CHINO
☐ R.J. DONOVAN
☐ DEUEL VOC. INS.

## CLERK OF THE COURT
I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE | DATE |
|---|---|
| Sally May Attsbury | December 13, 1995 |

This form is prescribed under Penal Code § 1213 to satisfy the requirements of § 1213 for indeterminate sentence. Attachments may be used but must be referred to in this form.

B–2

Form Approved by the Judicial Council of California Effective January 1, 1993

**ABSTRACT OF JUDGMENT – PRISON COMMITMENT – INDETERMINATE**
CR 292

( A P P E N D I X )

B

Appendix: B 1-thru-3

APPENDIX: B 1-3

 

# Actions

Home          Def. Status    Def. Info    Charges    **Actions**    Minutes    Probation
Case Report    Fine Info

Open Quick Search

Defendant  1 - MABRY, TONY    ☒ Of 2

## Case CR37941 Defendant 5229 , MABRY TONY

Move To This Date

## Related Cases On Calendar

This Defendant Does Not Have Any Other Cases With Future Hearings Scheduled.

## Actions On Case

| Action Date | Action Text | Disposition | Hearing Type |
|---|---|---|---|
| 12/26/2007 8:30 AM DEPT. 63 | EX PARTE HEARING RE: VERIFICATION CCP446 & 201.5 - Minutes | DISPOSED | |
| 12/16/2007 2:05 PM DEPT. 63 | CORRESPONDENCE FROM DEFENDANT CCPSEC 446 & 201.5 FILED. | | |
| 07/17/2000 | CRIMINAL EXHIBITS DESTROYED 07/13/00 (REFER TO ED) | | |
| 12/15/1999 | FILED: 5TH AMENDED ABSTRACT OF JUDGMENT - LIFE | | |
| 12/15/1999 | FILED: 5TH AMENDED ABSTRACT OF JUDGMENT. | | |
| 12/15/1999 | CERT.CPY OF MINUTE ORDER ABSTRACT OF JUDGMENT DATED: 12/09/1999 SENT TO DOC ( KSTAF).(REFER TO CCSD) | | |
| 12/09/1999 8:30 AM DEPT. 51 | MOTION SET FOR CORRECTION OF ABSTRACT - Minutes | DISPOSED | |
| 12/02/1999 | CHANGE COURT OF JURISDICTION TO RI | | |
| 11/18/1999 | REC'D LTR FROM DOC DATED: 11/12/1999 TO DEPT. 51. | | |
| 06/07/1999 | ORDER FOR PETITION FOR WRIT OF HABEAS CORPUS IS DENIED ; J. THOMPSON HANKS | | |
| 06/03/1999 | PETITION FOR WRIT OF HABEAS CORPUS FILED | | |
| 12/16/1997 | EXHIBITS DESTROYED | | |
| 11/19/1997 | CRIMINAL EXHIBITS DESTROYED 111397 (REFER TO ED) | | |
| 03/25/1997 | NOTICE OF DESTRUCTION OF | | |

( A P P E N D I X )

C

APPENDIX: C 1-thru-5

APPENDIX: C 1-5

STATE OF CALIFORNIA—YOUTH AND ADULT CORRECTIONAL AGENCY                    PETE WILSON, *Governor*

## DEPARTMENT OF CORRECTIONS



Legal Processing Unit
P.O. Box 942883
Sacramento, CA  94283-0001
(916)  323-7407


April 30, 1992


Honorable Robert D. Macomber
Judge of the Superior Court
County of Riverside
4100 Main Street
Riverside, CA  92501

Re:  MABRY, Tony
CDC No.:  D-90450
Case No.:  CR37941
Date of Sentence:  May 24, 1991

Dear Judge Macomber:

A review of the documents delivered with the above-named inmate indicates the
Abstract of Judgment may be in error, or incomplete, for the following reasons:

The Determinate Abstract of Judgment reflects Count 4, PC246 Shoot at Vehicle,
with an upper term of seven(7) years, plus an enhancement of five(5) years pursu-
ant to PC12022.5(a) Use of Firearm.

It is our understanding PC12022.5(a) would be an element of the offence for
PC246, discribed in the Penal Code as, <u>Discharge of Firearm</u> at inhabited
dwelling, vehicle, or aircraft.  Therefore, it appears this enhancement should be
stayed or stricken.

Please review your file to determine if a correction is required.  We would
appreciate your providing a certified copy of any Minute Order or modified
Abstract of Judgment to this Department.  May we also request the attached copy
of this letter be returned with your response.

Sincerely,

SHERYL MILLER
Correctional Case Records Manager

*Peggy Francisco*

By:  PEGGY FRANCISCO
     Correctional Case Records Specialist

Attachments

cc:  District Attorney
     Defense Counsel
     Inmate
     C-File

C-1

SM:PF:jh

STATE OF CALIFORNIA—YOUTH AND ADULT CORRECTIONAL AGENCY                                    PETE WILSON, *Governor*

**DEPARTMENT OF CORRECTIONS**
Legal Processing Unit
P.O. Box 942883
Sacramento, CA  94283-0001
(916) 323-7402

*Third*           **REQUEST**

We have not received an answer to our
first letter. In order to process the
legal documents on Subject's commitment
in a timely manner, we would appreciate
a response by the Court as early as
possible. Thank you.

10/13/95          _____
Date         Corr. Case Records Specialist

July 21, 1995


Honorable Robert D. Macomber
Judge of the Superior Court
County of Riverside
4100 Main Street, Room 110
Riverside, CA  92501

Re.: MABRY, Tony
CDC No.:  D90450
Court Case No.:  CR37941
Date of Sentence:  March 19, 1993

Dear Judge Macomber:

A review of the documents received for the above-named inmate
indicates the Abstract of Judgment/Minute Order may be in error,
or incomplete for the following reasons:

The Abstract of Judgment reflects Count 4 enhancement PC 12022.5
Use of a Firearm with the offense on Count 4 PC 246 Shoot at
Dwelling which is the element of the offense.

In addition, the Abstract of Judgment also reflects on item
number 6, Other Order, "DEFENDANT SENTENCED TO STATE PRISON FOR
TOTAL INDETERMINATE SENTENCE OF 37 YEARS TO LIFE."  However,
Count 1 has a total term of 35 years and Count 4 has a total term
of 7 years which equal 42 years to Life not counting the
enhancement on Count 4 PC 12022.5 which is the element of the
offense.  Please clarify.

We request an expeditious review of your file.  If a correction
is required, please provide a certified copy of the Minute Order
or modified Abstract of Judgment to this Department so that our
records will accurately reflect the order of the Court.  May we
also request the attached copy of this letter be returned with
your response.

Sincerely,

DELORIS PASCHAL
Correctional Case Records Manager


By: JOHNNY R. GALVAN
    Correctional Case Records Specialist

    Attachments

cc:  Defense Counsel     District Attorney     Inmate     C-file     C-2

STATE OF CALIFORNIA—YOUTH AND ADULT CORRECTIONAL AGENCY

**DEPARTMENT OF CORRECT..S**
**Legal Processing Unit**
**P.O. Box 942883**
**Sacramento, CA 94283-0001**
**(916) 327-6873**

GRAY DAVIS, *Governor*



November 12, 1999

The Honorable Robert D. Macomber
Judge of the Superior Court, Dept. 62
County of Riverside
4100 Main Street
Riverside, CA 92501

Re: MABRY, Tony
CDC No.: D90450
Case No.: CR37941
Date of ReSentence: March 19, 1993

Dear Judge Macomber:

A review of the documents delivered with the above-named inmate indicates the Abstract of Judgment may be in error, or incomplete, for the following reasons:

The Resentence Abstract reflects Count 1, PC 187, Murder 1st with a term of 15 years to Life imposed; however, the term for this offense is 25 years to Life. It is noted, that Count 1 was originally sentenced to 25 years to Life. Please clarify.

Please review your file to determine if a correction is required. When notified by the Department of Corrections that an illegal sentence exists, the trial court is entitled to reconsider all sentencing choices, *People v. Hill* 185 Cal.App.3d 831. We would appreciate you providing a **certified copy of any Minute Order or modified Abstract of Judgment** to this Department. May we also request the attached copy of this letter be returned with your response. If this case is under appellate review, please forward a copy of this letter to the appellate attorney.

Sincerely,

KATHY MOORE
Correctional Case Records Manager

*Elisabeth R. Ray*

By: ELISABETH R. RAY
    Correctional Case Records Analyst

cc: District Attorney
    Criminal Defense Panel
    Inmate
    C-File

*Recd 3-15-2000 pb*

C-3

```
EGAL STATUS SUMMARY  TYPE-  D    LAC        ** DISCREPANT **  08/06/98 01:15
----------------------------------------------------------------------------
 CDC NUMBER  |  NAME                              |ETHNIC|    BIRTHDATE
   D90450    |  MABRY,TONY                        | BLA  |    09/03/1968
----------------------------------------------------------------------------
 TERM STARTS |  LIFE TERM STARTS    MIN ELIGIBLE PAROLE DTE |
 03/19/1993  |    04/26/2001            12/25/2017          |
----------------------------------------------------------------------------
                                                  |  PAROLE PERIOD
ASE TERM 25/00 + ENHCMNTS  17/00 = TOT TERM  42/00 TO LIFE |LIFE
----------------------------------------------------------------------------

PRE-PRISON + POST SENTENCE CREDITS
CASE     PZ900-5 P1203-3 PZ900-1 CRC-CRED MH-CRED P4019  P2931 POST-SENT  TOT

CR37941A     240            665                    120    533            1558

NOTIFICATION REQUIRED PER PC290.2
NOTIFICATION REQUIRED PER PC3058.6

DOC. HEARING: 04/2004    DEFENSE ATTORNEY:  AQUILINA,J
INIT. HEARING: 11/2016   INVESTIGATING AGENCY:  PD/PERRIS


----------------------------------------------------------------------------
  RECV DT/ COUNTY/    CASE     SENTENCE DATE            CREDIT     OFFENSE
    CNT       OFF-CODE DESCRIPTION                      CODE        DATE
----------------------------------------------------------------------------
CONTROLLING PRINCIPAL & CONSECUTIVE   (INCLUDES ENHANCEMENTS/OFFENSES):

--CONTROLLING CASE --
 3/19/1993  RIV  CR37941A     3/19/1993
                 01 P667(A)    01 PFC SERIOUS                 1
  01 P187       MURDER 1ST                                   32  09/28/1990
                 P12022.5(A)   02 USE F'ARM                   1
  04 P246       DISCH FIRARM I/D               CS            1  09/28/1990


----------------------------------------------------------------------------
 WTIP WAIVER                    BEGINNING   CREDIT   TOTAL  TOTAL     NET
    DATE                        BALANCE     APPLIED  LOST   RESTORED  TOTAL
 03/19/1993                       1192       1702     510     0       1192

REDITS AUTO RE-VESTED PER PC-2934 :    0

----------------------------------------------------------------------------

----------------------------------------------------------------------------
 TRAN                           RULE    _____D A Y S_____
 TYPE   DATE    END DATE LOG NUMBER  NUMBER  ASSESS LOST REST DEAD
----------------------------------------------------------------------------
BEG 07/07/1988        ******BEG BAL*******
ADD 06/11/1991        CR37941
     CURRENT PC BALANCE:  761          CURRENT BC BALANCE:    2283

----------------------------------------------------------------------------
```

C-4

ISCREPANCY AND WARNING ERRORS                                              08-06-1998

        D90450   MABRY,TONY


ASE=CR37941A ID=C
 CNT=004 TIME IMPOSED NE 1/3 MIDDLE TERM FOR 1/3 CS OFFENSE
ASE=        ID=
 END DATE FOR CREDIT CODE 1 IS 04/26/2001.
ASE=CR37941A ID=C
  1170.1(A) NOT APPLIED OR APPLIED INAPPROPRIATELY

C-5

( A P P E N D I X )

D

APPENDIX: D 1-thru-3

(2) Defendant was not adjudged a habitual criminal within the meaning of Subdivision _____ of Section 644 of the Penal
       (was or was not)                                               (a or b)

Code; and the defendant is not a habitual criminal in accordance with Subdivision (c) of that Section.
                              (is or is not)

(3) IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the said defendant be punished by imprisonment in
the State Prison of the State of California for the term provided by law, and that he be remanded to the Sheriff of the County
of ......RIVERSIDE................. and by him delivered to the Director of Corrections of the State of California at ..........

..........CHINO, CALIFORNIA....................... ...................

It is ordered that sentences shall be served in respect to one another as follows (concurrently or consecutively as to each count):

Sentence to 25 Years to Life. Counts 2 & 4 to run Consecutive to Count
1 for a Total of: 42 Years and 8 Months. (See DSL290 as to Cts 2 & 4)

and in respect to any prior incompleted sentence(s) as follows (concurrently or consecutively as to all incomplete sentences
from other jurisdictions):

..........N/A...........

(4) To the Sheriff of the County of .....RIVERSIDE............. and to the Director of Corrections at the ...............

CALIFORNIA INSTITUTE FOR MEN, CHINO, CALIFORNIA

pursuant to the aforesaid judgment, this is to command you, the said Sheriff, to deliver the above-named defendant into the
custody of the Director of Corrections at THE CALFIRONIA INSTITUTE FOR MEN, CHINO

California, at your earliest convenience.

Witness my hand and seal of said court

this ....6th............ day of June, 1991

..........ARTHUR SIMS............................ Clerk,

by _N. Martinez_     N. MARTINEZ............. Deputy

State of California,

County of ....RIVERSIDE.....  }  ss.

SEAL

I do hereby certify the foregoing to be a true and correct abstract of judgment duly
made and entered on the minutes of the Superior Court in the above entitled action as
provided by Penal Code Section 1213.

Attest my hand and seal of the said Superior Court this 6th day of ...June..........,
19 91.

ARTHUR SIMS BY: _N. Martinez_ N. MARTINEZ, DEPUTY

County Clerk and Ex-Officio Clerk of the Superior Court of California in and for the County of —
.RIVERSIDE.....................

The Honorable .ROBERT D. MACOMBER.............. ...............

Judge of the Superior Court of the State of California, in and for the County of

RIVERSIDE                                D–1

NOTE: If probation was granted in any sentence of which abstract of judgment is required, attach

# In the Superior Court of the State of California

in and for the County of ___RIVERSIDE___

# Abstract of Judgment

Commitment to State Prison

Dept. No. _07_ ───── Case No. CR37941

The People of the State of California

vs.

TONY MABRY

_____
Defendant.

Present:

Hon. ROBERT D. MACOMBER
─────────────────────────
Judge of the Superior Court

JOHN RUIZ
─────────────────────────
Prosecuting Attorney

JOHN AGUILIAN (CDP)
─────────────────────────
Counsel for Defendant

_____
Defendant.

This certifies that on the __24th__ day of __May__, 19 _91_, judgment of conviction of the above-named defendant was entered as follows:

(1) In Case No. __CR37941__, Count No. __1__, he was convicted by __JURY__ on his plea of
───────────────── (court or jury)

__NOT GUILTY__
────────────────────────────────────────────────────────────────
(guilty, not guilty, former conviction or acquittal, once in jeopardy, not guilty by reason of insanity)

of the crime of __MURDER (1st Degree)__
─────────────────────────────────────────────────────────
(designation of crime and degree if any, including fact that it constitutes a second subsequent conviction of same offense if that affects the sentence.)

in violation of __187 (1st Degree)__
───────────────────────────────────────
(reference to Code or Statute, including Section and Subsection thereof, if any violated)

With prior felony convictions as follows:

| DATE | COUNTY AND STATE | CRIME | DISPOSITION |
|------|------------------|-------|-------------|
| NONE | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Defendant was armed with a deadly weapon at the time of his commission of the offense or a concealed deadly weapon at the time of his arrest within the meaning of Sections 969c and 3024 of the Penal Code.
─────────── (was or was not)

Defendant was not armed with a deadly weapon at the time of his commission of the offense within the meaning of Sections 969c and 12022 of the Penal Code.
─────────── (was or was not)

Defendant used a firearm in his commission of the offense within the meaning of Sections 969d and 12022.5 of the Penal Code.
─────────── (used or did not use)

Defendant has been held in jail custody for __360__ days as a result of the same criminal act or acts for which he has been convicted. __**240 Actual Days, Plus 120 Days, 4019PC__

(Repeat foregoing with respect to each count of which defendant was convicted.)

(2) Defendant __was not__ adjudged a habitual criminal within the meaning of Subdivision ____ of Section 644 of the Penal
(was or was not)

Code; and the defendant __is not__ a habitual criminal in accordance with Subdivision (c) of that Section.
(is or is not)

(3) IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the said defendant be punished by imprisonment in
the State Prison of the State of California for the term provided by law, and that he be remanded to the Sheriff of the County
of _____ RIVERSIDE _____ and by him delivered to the Director of Corrections of the State of California at _____

CHINO, CALIFORNIA

It is ordered that sentences shall be served in respect to one another as follows (concurrently or consecutively as to each count):

Count 1:  Sentenced to 25 years to LIFE.  Counts 2 & 4 ordered served consecutive

to Count 1:  TOTAL FIXED TERM -- 37 YEARS 8 MONTHS TO LIFE.  (See DSL 290 amended

5-26-92)

and in respect to any prior incompleted sentence(s) as follows (concurrently or consecutively as to all incomplete sentences
from other jurisdictions):

Not Applicable

(4) To the Sheriff of the County of _____ Riverside _____ and to the Director of Corrections at the _____

California Institution for Men at Chino, California

pursuant to the aforesaid judgment, this is to command you, the said Sheriff, to deliver the above-named defendant into the

custody of the Director of Corrections at ____ C.I.M., CHINO ____,

California, at your earliest convenience.

Witness my hand and seal of said court

this ____ 6th ____ day of ____ June, 1991 ____,

ARTHUR A. SIMS, Executive Officer and _____ Clerk,

by _____ S. DeHaro, Deputy

State of California,

County of __ RIVERSIDE __ } ss.

I do hereby certify the foregoing to be a true and correct abstract of judgment duly
made and entered on the minutes of the Superior Court in the above entitled action as
provided by Penal Code Section 1213.

SEAL

Attest my hand and seal of the said Superior Court this 6th day of __ June __,
19 91.

ARTHUR A. SIMS, Executive Officer/Clerk by _____ Dep.

County Clerk and Ex-Officio Clerk of the Superior Court of California in and for the County of —
Riverside

The Honorable __ ROBERT D. MACOMBER __

Judge of the Superior Court of the State of California, in and for the County of _____

Riverside

NOTE: If probation was granted in any sentence ·· which abstract of judgment is
a minute order reciting the fact and imposing sen·     or ordering a suspended sen·          D-2

CR-4 (Rev. 7/88)

# Abstract of Judgment

RIVERSIDE COUNTY
F I L E D
MAY 26 1992
ARTHUR A. SIMS, Clerk
By  M. DeHaro
S. DeHaro
Deputy

In the Super...r Court of the State of Califor...
in and for the County of RIVERSIDE

Commitment to State Prison

| | |
|---|---|
| The People of the State of California | Dept. No. 07   Case No. CR 37941 |
| vs. | |
| **TONY MABRY** | Present: |
| Defendant. | Hon. ROBERT D. MACOMBER
Judge of the Superior Court |
| | Prosecuting Attorney
John Ruiz, Deputy |
| | Counsel for Defendant
John Aquilina, Esq. |

This certifies that on the 24th day of May, 19 91, judgment of conviction of the above-named defendant was entered as follows:

(1) In Case No. CR 37941   Count No. 1   he was convicted by Jury (court or jury) on his plea of NOT GUILTY

(Guilty, not guilty, former conviction or acquittal, once in jeopardy, not guilty by reason of insanity)

of the crime of MURDER IN THE FIRST DEGREE

(designation of crime and degree if any, including fact that it constitutes a second subsequent conviction of same offense if that affects the sentence.)

in violation of 187 of the Penal Code, 1st degree

(reference to Code or Statute, including Section and Subsection thereof, if any violated.)

with prior felony convictions as follows:

| DATE | COUNTY AND STATE | CRIME | DISPOSITION |
|---|---|---|---|
| NONE | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Defendant has been held in jail custody for 360 days as a result of the same criminal act or acts for which he has been convicted. (240 actual days plus 120 PC credits)

Defendant was not armed with a deadly weapon at the time of his commission of the offense or a concealed deadly weap-
(was or was not)
on at the time of his arrest within the meaning of Sections 969c and 3024 of the Penal Code.

Defendant was not armed with a deadly weapon at the time of his commission of the offense within the meaning of Sec-
(was or was not)
tions 969c and 12022 of the Penal Code.

Defendant used a firearm in his commission of the offense within the meaning of Sections 969d and 12022.5 of
(used or did not use)
the Penal Code.

(Repeat foregoing with respect to each count of which defendant was convicted.)

# ABSTRACT OF JUDGMENT

# ABSTRACT OF JUDGMENT – PRISON COMMITMENT

FORM DSL 29

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **RIVERSIDE**

COURT I.D. **G 1311 0 0**   BRANCH **RIVERSIDE**

PEOPLE OF THE STATE OF CALIFORNIA versus

DEFENDANT: **TONY MABRY**

AKA:

CASE NUMBER (S)

CR37941 — A / B / C / D / E

[X] PRESENT   [ ] NOT PRESENT

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT

AMENDED ABSTRACT [ ]

| DATE OF HEARING (MO) (DAY) (YR) | DEPT. NO | JUDGE | CLERK |
|---|---|---|---|
| 05 24 91 | 07 | ROBERT D. MACOMBER | R. ABILEZ |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| G. BREWER | JOHN RUIZ | JOHN AQUILINA (CDP) | |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES (OR ALTERNATE FELONY/MISDEMEANORS):

[ ] ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT (NUMBER OF PAGES)

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION MO | DAY | YEAR | PRINCIPAL OR CONSECUTIVE TIME IMPOSED YEARS | MONTHS |
|---|---|---|---|---|---|---|---|---|---|
| 2 | PC | 12021 | Felon w/gun | 90 | 04 | 17 | 91 | | 8 |
| 1 | PC | 246 | Shoot at vehicle | 90 | 04 | 17 | 91 | PRINCIPAL | |

2. ENHANCEMENTS charged and found true TIED TO SPECIFIC COUNTS (mainly in the §12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC.:

| Count | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 12022.5 12022.5(A) | 6 S | | | | 0 | | | | | |

3. ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly §667-series) and OTHER.

| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|
| 667 | 5 | | | | | | | 5 |

4. INCOMPLETED SENTENCE(S) CONSECUTIVE:

| COUNTY | CASE NUMBER | CREDIT FOR TIME SERVED |
|---|---|---|
| | | |

5. OTHER ORDERS: **As to Enhancement 1 is Stayed not Stricken. See Indeterminate Abstract as to Count 1 **25 Years to Life****

Use additional sheets of plain paper if necessary.

6. TOTAL TIME IMPOSED on ALL ATTACHMENT PAGES (FORM DSL 290-A):

7. TIME STAYED TO COMPLY WITH 5-YEAR OR 10-YEAR LIMIT ON SUBORDINATE TERMS, DOUBLE-BASED-TERM LIMIT, ETC. (Do not include §654 stays or discretionary stays of term for enhancements.)

8. TOTAL TERM IMPOSED:   **17 8**

9. EXECUTION OF SENTENCE IMPOSED:

A. [X] AT INITIAL SENTENCING HEARING   B. [ ] AT RESENTENCING PURSUANT TO DECISION ON APPEAL   C. [ ] AFTER REVOCATION OF PROBATION   D. [ ] AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC §1170(d))   E. [ ] OTHER

| 10. DATE OF SENTENCE PRONOUNCED (MO) (DAY) (YR) | CREDIT FOR TIME SPENT IN CUSTODY | TOTAL DAYS | ACTUAL LOCAL TIME | LOCAL CONDUCT CREDITS | STATE INSTITUTIONS |
|---|---|---|---|---|---|
| 05 24 91 | | 360 | 240 | 120 | [ ] DMH    [ ] CDC |

INCLUDING:

11. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:

[XX] FORTHWITH   [ ] AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS

INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:

[ ] CALIF. INSTITUTION FOR WOMEN – FRONTERA   [ ] CALIF. MEDICAL FACILITY – VACAVILLE   [X] CALIF. INSTITUTION FOR MEN – CHINO   [ ] DEUEL VOC. INST.

[ ] SAN QUENTIN   [ ] OTHER (SPECIFY):

## CLERK OF THE COURT

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE | DATE |
|---|---|
| T. Martinez | 06/06/91 |

This form is prescribed under Penal Code §1213.5 to satisfy the requirements of §1213 for determinate sentences. Attachments may be used but must be referred to in this document.

Form Adopted by the
Judicial Council of California
Effective April 1, 1990

## ABSTRACT OF JUDGMENT – PRISON COMMITMENT
## FORM DSL 290

Pen.C. 1213.5

DISTRIBUTION:   PINK COPY – COURT FILE   YELLOW COPY – DEPARTMENT OF CORRECTIONS   WHITE COPY – ADMINISTRATIVE OFFICE OF THE COURTS

D–3