# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY MABRY,<br><br>                    Petitioner,<br><br>      v.<br><br>L. E. SCRIBNER, Warden,<br><br>                    Respondent. | Civil No.   08cv0467 JM (AJB)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

On March 3, 2008, Petitioner, a state prisoner proceeding pro se, paid the $5.00 filing fee and filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). The request to proceed in forma pauperis was denied without prejudice as moot because Petitioner had paid the filing fee. The petition was also dismissed for failure to allege exhaustion of state judicial remedies. The Court notified Petitioner that if he failed to file an Amended Petition by May 19, 2008, which alleged exhaustion of state court remedies, his petition would be dismissed without leave to amend and he would have to begin again by filing a new federal habeas petition which will be given a new civil case number

On April 7, 2008, Petitioner filed an Amended Petition. However, Petitioner again has failed to allege exhaustion of state court remedies. As stated in this Court's previous order, habeas petitioners who wish to challenge either their state court conviction or the length of their

confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in Duncan v. Henry, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." Id. at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." Id. at 366 (emphasis added).

Nowhere in the Petition does Petitioner allege that he raised his claims in the California Supreme Court. In fact, he specifically indicates he did not seek review in the California courts because it is not required under Hill v. Alaska, 297 F.3d 895 (9th Cir. 2002). (Pet. at 7-10.) Nothing in Hill stands for that proposition. See id. (Petitioner must exhaust his state court remedies with respect to his claims. The burden of proving that a claim has been exhausted lies with the petitioner. Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

///

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West 2006).

  The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); <u>see</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999), <u>cert. denied</u>, 529 U.S. 1104 (2000). <u>But see</u> <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001).

  Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

  Because Petitioner has again failed to allege exhaustion of state judicial remedies, the Court **DISMISSES** the petition without prejudice and without leave to amend. If Petitioner wished to pursue these claims in the future, he must file a new petition which will be given a new civil case number. The Clerk shall close the file.

  **IT IS SO ORDERED.**

DATED: April 28, 2008

                  _____
                   Hon. Jeffrey T. Miller
                   United States District Judge